IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
                                                    :

TRUSTEES OF THE IRON            :          3:02 CV 1826 (JBA)
WORKERS LOCALS 15 ET AL.   :
V.                                                :
                                                  :
JEFFREY LEIBOWITZ, d/b/a    :
ORNAMENTAL METALS GROUP :         DATE: MARCH 17, 2005
------------------------------------------------x

<u>RULING ON DEFENDANT'S MOTIONS TO WITHDRAW AS COUNSEL</u>

On October 17, 2002, plaintiffs first commenced this action under ERISA to collect various benefits owed by defendant. (Dkt. #1). A default judgment was entered on February 10, 2003. (Dkts. ##4-7). Some six months later, on August 19, 2003, plaintiffs filed an application for an Examination of Judgment Debtor ["EJD"], which was referred to this Magistrate Judge two days later. (Dkts. ##8-9). After the EJD hearing was scheduled and an attorney filed an appearance for defendant, this hearing eventually was cancelled, in that in late 2004 the parties were able to reach an agreement permitting defendant to make monthly payments. (Dkts. ##10-14). In late March and early April 2005, plaintiffs sought executions against defendant's bank accounts. (Dkts. ##15-16).

On January 11, 2005, plaintiffs again sought another EJD, which was scheduled for Monday, March 7, 2005. (Dkts. ##17-18). On Friday, March 4, 2005 and again on Monday, March 7, 2005, defense counsel filed the pending Motions to Withdraw as Counsel, to which were attached affidavits from defendant Leibowitz and copies of a Chapter 7 Bankruptcy Case Notice for Door Wizard, LLC, dba Ornamental Metals Group, dba O & G Industries, Inc. (Dkts. ##23 & 20). The EJD hearing was held on March 7, 2005, at which defendant Leibowitz did not appear. (Dkt. #19). At this hearing, his counsel filed the Notice of Bankruptcy. (Dkt. #21). When plaintiff's counsel requested that a capias be issued against defendant Leibowitz, the Magistrate Judge ordered plaintiffs' counsel to submit to the

Magistrate Judge's Chambers a brief (or letter-brief) by March 21, 2005 whether the bankruptcy filing by Ornamental Metals Group operates as an automatic stay of this action.

In his Motions, defense counsel has represented that he and his client "have irreconcilable differences," defendant has not complied with his fee agreement, the relationship between the parties "has been irreparably damaged," and defendant does not object to the motions being granted. (Dkts. ##23 & 20). In his affidavit, sworn to on March 4, 2005, defendant Leibowitz avers that he has received a copy of the pending motion, he consents to and has no objection to the motion being granted, he understood that a PJR hearing was scheduled for March 7, 2005, and he understood that unless he files a pro se appearance or has substitute counsel, he will not receive notices from the Court or opposing counsel, he may have court orders entered against him, he may be defaulted, and the pending Motions to Withdraw will be granted. (Aff't, ¶¶ 4-7).

Local Rule 7(e) (formally Local Rule 15) provides:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed *pro se*, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

Defense counsel has satisfied the requirements of Local Rule 7(c). In his affidavit, defendant Leibowitz avers that he has received a copy of the pending motion, he consents to and has no objection to the motion being granted, and he understands that unless he files a pro se appearance or has substitute counsel, he will not receive notices from the Court or opposing counsel, he may have court orders entered against him, he may be defaulted,

and the pending Motions to Withdraw will be granted.  (Aff't, ¶¶ 4-5, 7).  The Magistrate Judge finds that "good cause" exists for permitting the withdrawal of defense counsel, in light of the" irreconcilable differences" and "irreparabl[e] damage[]" to the relationship between defendant and his counsel.  (Dkts. ##23 & 20, at 1).  As previously indicated, a default judgment already has been entered against defendant Leibowitz.  (Dkt. #7).

Therefore, the pending Motions to Withdraw as Counsel, filed March 4 and 7, 2005 (Dkts. ##23 & 20) are hereby granted.  As defendant Leibowitz is already aware, if he fails to file a pro se appearance or have substitute counsel appear, he may not receive notices from the Court and he may have court orders entered against him.  (Aff't, ¶ 7).  As indicated above, the next critical deadline is March 21, 2005, by which plaintiffs' counsel is to submit a brief, which brief might have a direct impact on whether a capias is issued against defendant Leibowitz.  Accordingly, defendant Leibowitz may place himself in even greater jeopardy if he fails to file a pro se appearance by such date.

Attorney Brown shall forward a copy of this Ruling to defendant Leibowitz.

Dated at New Haven, Connecticut, this 17th day of March, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge